UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MONTEZ KENNEDY #237216,

                Plaintiff,                        Case No. 2:08-cv-26

v.                                          Honorable Robert Holmes Bell

MARY ANN FROBERG, et al.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff Montez Kennedy, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Circuit Court Clerk Mary Ann Froberg, Librarian Susan Salter, Librarian J. Yoak, and Circuit Court Judge Charles H. Stark.  Plaintiff alleges in his complaint that on May 15, 2007, Plaintiff filed a petition for judicial review of a major misconduct conviction in the Alger County Circuit Court.  On June 21, 2007, Defendant Stark waived fees and on June 27, 2007, Defendant Froberg assigned docket number 07-4610-AA to the case.  Defendant Froberg mailed Plaintiff instructions for Plaintiff to obtain copies of a summons and complaint (MC01) and to forward them to the court to be sealed so that Plaintiff could serve the parties.

Plaintiff states that Defendants Salter and Yoak refused Plaintiff's request for a copy of the MC01 form.  On July 27, 2006, Plaintiff filed a motion for a court order in the case to have Defendants Salter and Yoak make Plaintiff a copy of the MC01 form.  Plaintiff states that during the time prior to and surrounding July 27, 2006, he filed a number of petitions for judicial review of misconduct convictions in the state court, and was instructed by Defendant Froberg to provide MC01 forms for each of these petitions to the court.  Plaintiff sent a letter to Defendant Froberg informing her that he would not be able to obtain the forms unless he received an order instructing Defendants Salter and Yoak to provide him with the necessary forms.  Plaintiff claims that Defendant Froberg intentionally refused to place on the docket his motion for an order requiring Defendants Salter and Yoak to provide him with copies of the MC01 form.  Plaintiff states that he informed Defendant Froberg that he did not have the "artistic ability" to draw or draft a MC01 form.  Defendant Froberg informed Plaintiff not to file anything else in the court without an MC01 form.  Therefore, Plaintiff

claims that he is unable to have his petitions for judicial review heard by the court.  Plaintiff seeks

declaratory and injunctive relief, as well as costs.

II.        Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his right of access to the courts.  It is well

established that prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430

U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right

of access to the courts by providing law libraries or alternative sources of legal information for

prisoners.  *Id.* at 817.  The Court further noted that in addition to law libraries or alternative sources

of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal

documents, notarial services to authenticate them, and with stamps to mail them."  *Id.* at 824-25.

An indigent prisoner's constitutional right to legal resources and materials is not, however, without

limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must

show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168

F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v.*

*Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff claims that he is unable to pursue petitions for judicial review in state court because of Defendants' conduct in denying him summons and complaint forms. The Sixth Circuit has repeatedly held that the constitutional right of access to the courts does not entitle prisoners to free access to photocopying machinery. *See*, *e.g.*, *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. March 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. March 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers"); *Al- Jabbar v. Dutton*, No. 92-5004, 1992 WL 107016, at *1 ("a prisoner's right of access to the courts does not guarantee him unlimited photocopying at the state's expense") (6th Cir. May 19, 1992); *Bond v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec. 12, 1989) ("The constitutional right of access to the courts does not require that prison officials provide inmates free access to photocopying machinery"), *cert. denied*, 494 U.S. 1006 (1990); *Fazzini v. Gluch*, No. 88-2147, 1989 WL 54125, *2 (6th Cir. May 23, 1989) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopy machines").

The form being sought by Plaintiff in this case, MC01, is a form which sets forth the basic information required for serving a civil complaint. Plaintiff claims that he lacks the artistic ability to reproduce this form. However, no such talent is required to list the necessary information for a summons and complaint. Plaintiff could merely have copied the required information onto a

- 4 -

blank paper and submitted that to the court.  Plaintiff made no such effort.  Therefore, the undersigned concludes that Plaintiff's access to courts claims are properly dismissed.

Moreover, with regard to Plaintiff's claims against Defendants Froberg and Stark, this court lacks subject matter jurisdiction over those claims.  The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction.  *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998).  Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*.  *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

A federal district court has no authority to review final judgments of state court judicial proceedings.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998).  Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on the losing party's

claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins.*

*Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487,

492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then

sues in federal court is asserting injury at the hands of the state court and his federal suit is making

an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68

(7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219,

*1 (6th Cir. Nov. 4, 1997).

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts

because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the

Michigan state courts. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has

found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights

in state court proceedings because such an action would be an attempted appeal from a state court

decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001),

*cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*. No. 00-3588, 2001 WL 1871701,

at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state

courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to

plaintiff in response to adverse state-court decisions was to pursue timely appeals in the Michigan

Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and if necessary

apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330

("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court;

only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and  constitutes a dismissal pursuant to 28 U.S.C. § 1915(g).  *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 15, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).