UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MONTEZ KENNEDY,

       Plaintiff,

                                        File No. 2:08-CV-26

v.

                                        HON. ROBERT HOLMES BELL

MARY ANN FROBERG, et al.,

       Defendants.
                                              /

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

      On April 15, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Montez Kennedy's prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 6, R&R.) After obtaining an extension of time to file objections, (Dkt. No. 10, Order Granting Mot. to Enlarge), Plaintiff filed objections to the R&R on May 23, 2008. (Dkt. No. 11, Obj. to R&R.)

      This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends dismissal of Plaintiff's complaint because Plaintiff has failed to state a claim for denial of access to the courts.

Plaintiff had an opportunity through his objections to clarify his access to the courts claim. Instead he has confused the issues even further. It is not clear who Plaintiff contends is culpable or for what action they are culpable. He has not alleged that the state court failed to follow Michigan law. Accordingly, it is not clear what he suggests the state court defendants did improperly. He objects to the R&R's suggestion that he expected to obtain copies of legal forms from the prison defendants for free, but he has not stated that he offered to pay for copies. Accordingly, it is not clear what he suggests the prison defendants did improperly. Plaintiff has alleged a number of acts that cumulatively resulted in an action not being filed in the state court, but he has not alleged what each Defendant did that denied Plaintiff a specific constitutional right. Although Plaintiff correctly asserts that liberal pleading rules do not require him to plead facts, notice pleading still requires him to assert the elements of a claim. Plaintiff has not stated what duty was owed to him that was breached. Because Plaintiff has not given fair notice of what the Defendants did to make them liable for a civil rights violation, Plaintiff has failed to state a claim for denial of access to the courts.

The R&R contains an alternative determination that Plaintiff's claims against Defendants Froberg and Stark are barred by the *Rooker-Feldman* doctrine. The Court has some concerns regarding the application of the *Rooker-Feldman* doctrine to this case because

Plaintiff is not challenging any underlying state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments). However, in light of the Court's determination that Plaintiff has failed to state a claim, it is not necessary for the Court to address the application of the *Rooker-Feldman* doctrine. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) are **DENIED**.

**IT IS FURTHER ORDERED** that to the extent the R&R recommends dismissal of Plaintiff's complaint for failure to state a claim, the R&R is **APPROVED** and **ADOPTED** as the opinion of the Court. However, the Court declines to adopt that portion of the R&R that discusses application of the *Rooker-Feldman* doctrine.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: October 30, 2008               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE